STATE v. DOBSON

[337 N.C. 464 (1994)]

---

STATE OF NORTH CAROLINA v. DWIGHT C. DOBSON

No. 149A93

(Filed 29 July 1994)

**Constitutional Law § 318 (NCI4th)— noncapital first-degree murder—submitted under *Anders*—no error**

Defense counsel in a noncapital first-degree murder prosecution complied with the requirements of *Anders v. California*, 386 U.S. 738, where counsel found no errors in the trial but submitted

a brief referring to defendant's contention that the signing and entry of the judgment against him was in error, a contention which "might arguably support the appeal"; counsel provided defendant with the State's brief, defendant's brief, and the record on appeal; and defendant was notified that he could file a brief on his own behalf, raising any arguments he wished to make, but chose not to do so. The Supreme Court conducted a complete examination of the proceedings to determine whether there was prejudicial error in defendant's trial and found no error warranting reversal of defendant's conviction.

**Am Jur 2d, Criminal Law §§ 752, 985-987.**

**Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.**

**Adequacy of defense counsel's representation of criminal client regarding appellate and postconviction remedies. 15 ALR4th 582.**

Appeal pursuant to N.C.G.S. § 7A-27(a) from judgment imposing sentence of life imprisonment entered by *Albright, J.*, at the 19 October 1992 Session of Superior Court, Forsyth County, upon a jury verdict of guilty of first-degree murder. Calendared for argument in the Supreme Court 13 September 1993; determined on the briefs without oral argument pursuant to N.C. R. App. P. 30(d).

*Michael F. Easley, Attorney General, by Mary Jill Ledford, Assistant Attorney General, for the State.*

*Laurel O. Boyles for defendant-appellant.*

EXUM, Chief Justice.

Defendant was convicted in a noncapital trial of first-degree murder pursuant to N.C.G.S. § 14-17 (1983). From judgment of life imprisonment he appealed to this Court. On 10 May 1993 defendant's counsel filed a brief on behalf of defendant. Defendant's counsel presented defendant's assignment of error with respect to "the signing and entry of the judgment against the defendant" but counsel himself found "no errors in the trial of this case with regard to any issue of law." Instead, pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967), counsel requested this Court to review the proceedings for any error prejudicial to defendant. We find no error.

I.

The State's evidence tended to show the following: On the evening of 17 April 1992 Oliver Cleo Kimbrough was playing cards and drinking alcohol with Willa Jean Miller, Fannie Johnson, and Ralph Ross in the dining room of a private home in which alcoholic beverages were sold. Defendant Dwight Dobson worked selling drinks at the house and was in the kitchen with Sheila Hairston and Maybelle Scott while the others played cards.

Defendant walked into the dining room and demanded a "cut" of the money from the card game. The card players responded by telling him the game was over. Defendant immediately asked Kimbrough if he "want[ed] to die" or was "ready to die" or something to that effect. Kimbrough did not respond in any way, and, within a matter of seconds, defendant drew a pistol from his pants and shot Kimbrough in the chest, killing him.

Miller and Johnson pleaded with defendant not to shoot Kimbrough again. Defendant chambered another round and pointed the pistol at Kimbrough's head. The women ran from the room. No more shots were fired.

Winston-Salem police arrived at the scene of the shooting and apprehended defendant without resistance. Later that evening defendant and Ross cooperated with the police in retrieving the weapon used in the shooting.

Defendant's evidence tended to show a different version of events. Defendant testified as follows:

There had been a history of altercations between himself and Kimbrough, including several incidents the night of the shooting. On that night, when defendant asked for a "cut" of the money, he and Kimbrough began to argue. Kimbrough threatened defendant with violence. Ross attempted to step between the two and prevent a fight. Defendant drew his pistol and told Kimbrough to sit down. Kimbrough repeatedly said to defendant, "Shoot me," while advancing on defendant in a threatening manner. Defendant attempted to retreat while Kimbrough continued to advance. Although defendant admitted shooting Kimbrough, he testified he never intended to do so. Defendant is easily startled by sudden movements, loud noises, and touching. When he pulled the gun he was only trying to make Kimbrough sit back down and leave him alone. He did not flee after

the shooting because he did not believe he had done anything wrong. He admitted to the police he had shot Kimbrough.

Defense witnesses testified to Kimbrough's violent reputation, his history of provoking confrontations with defendant, and his threatening advance on defendant the night of the shooting. Kimbrough had no weapon but was approximately six feet two inches tall and weighed about 275 pounds; defendant was about five feet eight inches tall and weighed 140 pounds.

During the charge conference at the close of the evidence defendant requested that instructions be given to the jury regarding self-defense and voluntary and involuntary manslaughter. The trial court allowed the motions and instructed the jury on these charges and defenses as well as on the charges of first-degree murder and second-degree murder. The jury found defendant guilty of first-degree murder, and the trial court imposed a sentence of life imprisonment.

## II.

Under *Anders v. California*, 386 U.S. 738, 744, 18 L. Ed. 2d 493, 498, a defendant may appeal even if defendant's counsel has determined the case to be "wholly frivolous." In such a situation counsel must submit a brief to the court "referring to anything in the record that might arguably support the appeal." Counsel must furnish the defendant with a copy of the brief, the transcript, and the record and inform the defendant of his or her right to raise any points he or she desires and of any time constraints related to such right. *Id.* at 744, 18 L. Ed. 2d at 498; *State v. Randolph*, 328 N.C. 724, 403 S.E.2d 276 (1991). Finally, the court conducts a full examination of all the proceedings, including the transcript, record, and briefs, for prejudicial error. *State v. Randolph*, 328 N.C. 724, 403 S.E.2d 276.

In the instant case defendant's counsel has complied with the requirements of *Anders*. Counsel has found no errors in the trial but has submitted a brief to this Court referring to defendant's contention that the signing and entry of the judgment against him was in error, a contention which "might arguably support the appeal." Counsel provided defendant with the State's brief, defendant's brief, and the record on appeal. Pursuant to an order of this Court, defendant was notified that he could file a brief on his own behalf, raising any arguments he wished to make. Defendant did not choose to do so. Finally, we conducted a complete examination of the proceedings to determine whether there was prejudicial error in defendant's trial.

**STATE v. DOBSON**

[337 N.C. 464 (1994)]

After thorough review of the transcript, record, and briefs, this Court finds no error warranting reversal of defendant's conviction. We find no error in defendant's trial.

Sufficient evidence existed at trial to warrant submission to the jury of each of the degrees of homicide actually submitted. The factual inconsistencies between the State's evidence and the defendant's evidence were for the jury to resolve. It resolved them against defendant.

NO ERROR.