STATE OF NORTH CAROLINA, Plaintiff v. TARA NICOLE LABINSKI, Defendant

No. COA06-1617

(Filed 15 January 2008)

### 1. Appeal and Error— appellate rules violations—standard of review—citation of authority

Defendant violated Appellate Rule 28(b)(6) by neither stating the standard of review nor citing authority supporting a standard of review; however, defendant substantially complied with other aspects of the Rules of Appellate Procedure and her appeal was not dismissed. Defendant's counsel was ordered to pay printing costs.

### 2. Bail and Pretrial Release— pretrial release denied—violation of statutory right—not prejudicial

Defendant's pretrial motion to dismiss a DWI charge was properly denied where the magistrate substantially violated defendant's statutory right to pretrial release, but defendant did not demonstrate any prejudice to the preparation of her defense.

STATE v. LABINSKI

[188 N.C. App. 120 (2008)]

Although defendant argued that she lost the opportunity to gather evidence by having friends and family observe her and form opinions as to her condition following her arrest, she was not denied access to friends and family, she was informed of her right to have a witness present for the intoxilyzor test but did not request one, and she had full access to a telephone and made several calls.

Appeal by defendant from order entered 12 September 2006 *nunc pro tunc* 21 June 2006 by Judge William C. Griffin, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 23 August 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General John W. Congleton, for the State.*

*The Robinson Law Firm, P.A., by Leslie S. Robinson, for defendant-appellant.*

STROUD, Judge.

Defendant appeals from the trial court's order denying her pretrial motion to dismiss a charge of driving while impaired (DWI). Defendant's pretrial motion to dismiss was made pursuant to *State v. Knoll*, 322 N.C. 535, 369 S.E.2d 558 (1988), on the grounds that she was irreparably prejudiced in the preparation of her defense by the denial of her statutory right to timely pretrial release. Because we conclude that defendant has failed to show any violation of her statutory rights caused prejudice in the preparation of her defense, we affirm.

## I. Rule Violation

[1] We first note that defendant failed to comply with N.C.R. App. P. 28(b)(6) which provides that the brief shall contain "a concise statement of the applicable standard(s) of review for each question presented . . . and the statement of applicable standard(s) of review shall contain citations of the authorities upon which the appellant relies." N.C.R. App. P. 28(b)(6). Defendant has neither stated the standard of review nor cited any authority supporting any standard of review. However, given defendant's substantial compliance with other aspects of the Rules of Appellate Procedure, we find that this violation of Rule 28(b)(6) does not justify dismissal of this appeal. "[E]very violation of the rules does not require dismissal of the appeal or the issue, although some other sanction may be appropriate, pur-

suant to Rule 25(b) or Rule 34 of the Rules of Appellate Procedure." *State v. Hart*, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007). Pursuant to N.C.R. App. P. 25(b), we order defendant's counsel to pay the printing costs of this appeal. *See Caldwell v. Branch*, 181 N.C. App. 107, 110-11, 638 S.E.2d 552, 555 (2007). We therefore respectfully instruct the Clerk of this Court to enter an order accordingly.

## II. Factual Background

On 21 July 2005, defendant was operating a motor vehicle when she was stopped by Officer Styron and then arrested and charged with driving while impaired, in violation of N.C. Gen. Stat. § 20-138.1. Officer Styron transported defendant to the Pitt County Detention Center (PCDC) to administer an intoxilyzer test. During transport, defendant had her cell phone in the patrol car and she text-messaged her friend Brian Anderson to let him know she was in trouble. Upon arrival at the PCDC, Officer Styron, who is a certified chemical analyst, advised defendant of her intoxilyzer rights, including her right to have a witness present when the intoxilyzer test was administered, except that the test would not be delayed for more than 30 minutes for that purpose. Defendant chose not to exercise her right to have a witness present and made no efforts to make a phone call prior to the test administration. Defendant submitted to the Intoxilyzer 5000 test twice, at 3:00 a.m. and 3:01 a.m. The lower of the two tests indicated a blood alcohol concentration of .08.

At around 3:00 a.m., four of defendant's friends, including Brian Anderson, arrived at the PCDC. Defendant saw her four friends while she was walking with Officer Styron from the intoxilyzer room to the magistrate's office, but she did not request to speak to her friends then, nor did they ask to speak to her. The friends saw defendant walk by and sit down at a table in the PCDC for about 15 to 20 minutes. Defendant was then taken before Magistrate J. Keith Knox, at about 3:25 a.m. Officer Styron informed Magistrate Knox of the basis for probable cause and the facts of the case. Magistrate Knox also had information regarding defendant and the strength of the case against her. Magistrate Knox informed defendant of the charges against her; the general circumstances on which she could obtain her release; the conditions of pretrial release; and her right to communicate with counsel or friends in accordance with N.C. Gen. Stat. § 15A-534. Magistrate Knox set defendant's bond at $500 secured and her release was also conditioned upon release to a sober adult, release when she had a blood alcohol concentration of .05, or release

STATE v. LABINSKI

[188 N.C. App. 120 (2008)]

at 9:00 a.m. on July 21, 2005. Magistrate Knox informed defendant of the conditions of her pretrial release and gave her a copy of her release order. Magistrate Knox did not make an inquiry into the factors under N.C. Gen. Stat. § 15A-534(c).[1]

Defendant was then taken into the PCDC for booking by Sgt. Willis and Detention Officer Stewart, who noticed that defendant had a cut or injury under her left eye. Sgt. Willis called the detention center nurse to examine defendant's injury, but defendant refused all medical attention offered to her. The PCDC received defendant into custody at 3:47 a.m. Sgt. Willis informed defendant how she could obtain her release and of her right to use the telephone. Officer Stewart took defendant's belongings and cell phone, but placed defendant in an interview room with a phone which could be used to make free local phone calls. He explained to defendant how to use the phone and the process of obtaining release through a bail bondsman and provided a list of bail bondsmen. Defendant's friends and family all had long distance phone numbers, but she used 1-800-COL-LECT to call her father in New Jersey. Officer Stewart got defendant's cell phone for her so that she could retrieve other phone numbers of friends and family to call, and defendant called three of her friends who were already at the PCDC. Defendant never called a bail bondsman or asked any of her friends or family to contact a bondsman for her. Defendant and her friends were confused as to who would call the bail bondsman to secure defendant's bond. A bail bondsman did post defendant's bond for her release, and she was released to Mr. Shasteen, one of her friends who had been waiting at the PCDC, and Mr. Johnson, the bail bondsman, at 5:02 a.m.

Defendant was found guilty of DWI in Pitt County District Court on 24 February 2006. On 22 May 2006, defendant filed a motion to dismiss in Pitt County Superior Court. The motion was heard by Judge William C. Griffin, Jr., on 25 May 2006 and 21 June 2006. The motion was denied by order rendered orally in open court on 21 June 2006,

---

1. (c) In determining which conditions of release to impose, the judicial official must, on the basis of available information, take into account the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's family ties, employment, financial resources, character, and mental condition; whether the defendant is intoxicated to such a degree that he would be endangered by being released without supervision; the length of his residence in the community; his record of convictions; his history of flight to avoid prosecution or failure to appear at court proceedings; and any other evidence relevant to the issue of pretrial release.

N.C. Gen. Stat. § 15A-534(c) (2005).

**STATE v. LABINSKI**

[188 N.C. App. 120 (2008)]

with the written order entered on 12 September 2006 *nunc pro tunc* 21 June 2006. Defendant pled guilty to DWI on 27 June 2006.

### III. Standard of Review

Dismissal of charges for violations of statutory rights "is a drastic remedy which should be granted sparingly. Before a motion to dismiss should be granted . . . it must appear that the statutory violation caused *irreparable prejudice* to the preparation of defendant's case." *State v. Rasmussen*, 158 N.C. App. 544, 549-50, 582 S.E.2d 44, 50 (emphasis added) (internal citations omitted), *disc. review denied*, 357 N.C. 581, 589 S.E.2d 362 (2003). On appeal of the denial of a motion to dismiss for failure of the magistrate to comply with his statutory duties,

> the standard of review is whether there is competent evidence to support the findings and the conclusions. If there is a conflict between the state's evidence and defendant's evidence on material facts, it is the duty of the trial court to resolve the conflict and such resolution will not be disturbed on appeal.

*State v. Lewis*, 147 N.C. App. 274, 277, 555 S.E.2d 348, 351 (2001) (internal citations and quotation marks omitted). Findings of fact which are not challenged "are presumed to be correct and are binding on appeal. We [therefore] limit our review to whether [the unchallenged] facts support the trial court's conclusions." *State v. Eliason*, 100 N.C. App. 313, 315, 395 S.E.2d 702, 703 (1990) (internal citations omitted).

### IV. Pretrial release

Defendant assigns error to six different findings of fact in the trial court's order, but in the brief argues only that finding of fact number 17 was in error because it was not supported by competent evidence. All findings of fact other than number 17 are therefore presumed to be correct. Finding of fact number 17 stated:

> 17. That based on Magistrate Knox's opinion that anyone charged with driving while impaired who blows a .08 or above on the Intoxilyzer 5000 would possibly hurt himself or someone else, Magistrate Knox set the Defendant's bond at $500 secured. In addition, Defendant's release was conditioned upon release to a sober adult, release when Defendant had an alcohol concentration of .05, or release at 9:00 a.m. on July 21, 2005.

Defendant further contends that the trial court erred when it concluded from its findings that her statutory right to timely pretrial release and thereby, access to family and friends, had not been violated by the magistrate before whom she appeared pursuant to N.C. Gen. Stat. § 15-501 (2005).

**[2]** Specifically, defendant contends that the magistrate ordered her to be detained without considering whether she was so intoxicated that she posed a danger to herself and others as required by N.C. Gen. Stat. § 15A-534.2.[2] She also contends that the magistrate required a secured bond without making the findings required by N.C. Gen. Stat. § 15A-534(b), and without considering the factors listed in N.C. Gen. Stat. § 15A-534(c). She contends that the magistrate's failure, on these grounds, to grant her timely pretrial release and access to friends and family resulted in the loss of evidence, which further resulted in prejudice in her ensuing trial for DWI.[3] Relying on *Knoll*, she contends that the appropriate remedy for the violation of her statutory right to timely pretrial release is dismissal of the DWI charge. The State responds that defendant's statutory right to pretrial release and access to friends and family was not violated, and that even if her statutory rights were violated, she has not shown prejudice as required by *State v. Deitz*, 289 N.C. 488, 493, 223 S.E.2d 357, 360 (1976), in order to result in dismissal of the charge.

---

2. (b) If at the time of the initial appearance the judicial official finds by clear and convincing evidence that the impairment of the defendant's physical or mental faculties presents a danger, if he is released, of physical injury to himself or others or damage to property, the judicial official must order that the defendant be held in custody and inform the defendant that he will be held in custody until one of the requirements of subsection (c) is met; provided, however, that the judicial official must at this time determine the appropriate conditions of pretrial release in accordance with G.S. 15A-534.

(c) A defendant subject to detention under this section has the right to pretrial release under G.S. 15A-534 when the judicial official determines either that:

(1) The defendant's physical and mental faculties are no longer impaired to the extent that he presents a danger of physical injury to himself or others or of damage to property if he is released; or

(2) A sober, responsible adult is willing and able to assume responsibility for the defendant until his physical and mental faculties are no longer impaired. If the defendant is released to the custody of another, the judicial official may impose any other condition of pretrial release authorized by G.S. 15A-534, including a requirement that the defendant execute a secured appearance bond.

N.C. Gen. Stat. § 15A-534.2 (2005).

3. Defendant's other assignments of error were not brought forward and argued in the brief and are therefore considered abandoned. N.C.R. App. P. 28(a).

Subject to exceptions not relevant to the case *sub judice*, a non-capital criminal defendant has the right to pretrial release, N.C. Gen. Stat. § 15A-533 (2005), in accordance with the conditions of N.C. Gen. Stat. § 15A-534 (2005). A defendant arrested for DWI is also subject to the pretrial release conditions of N.C. Gen. Stat. § 15A-534.2. If the provisions of the foregoing pretrial release statutes are not complied with by the magistrate, *and* the defendant can show irreparable prejudice directly resulting from a lost opportunity to "gather[] evidence in his behalf by having friends and family observe him and form opinions as to his condition following arrest . . . and to prepare a case in his own defense," the DWI charge must be dismissed. *Knoll*, 322 N.C. at 547, 369 S.E.2d at 565.

Magistrate Knox was authorized to hold defendant in custody if he found "clear and convincing evidence that the impairment of the defendant's physical or mental faculties present[ed] a danger, if [she was] released, of physical injury to [herself] or others or damage to property." N.C. Gen. Stat. § 15A-534.2(b). Otherwise, Magistrate Knox was required to either:

(1)  Release the defendant on [her] written promise to appear[;]

(2)  Release the defendant upon [her] execution of an unsecured appearance bond in an amount specified by the judicial official[;]

(3)  Place the defendant in the custody of a designated person or organization agreeing to supervise [her][; or,]

(4)  Require the execution of an appearance bond in a specified amount secured by a cash deposit of the full amount of the bond, by a mortgage pursuant to G.S. 58-74-5, or by at least one solvent surety.

N.C. Gen. Stat. § 15A-534(a).

Finding of fact number 17, set forth in full above, is the only finding in the order which addresses any of the factors listed in N.C. Gen. Stat. § 15A-534.2 or N.C. Gen. Stat. § 15A-534 and which could possibly support Magistrate Knox's determination to set a secured bond and the other conditions upon defendant's release. However, the first sentence of finding of fact number 17 is not supported by the evidence. Magistrate Knox did not testify as to his reason for setting a $500 bond. He said he required defendant to be released to a sober responsible adult "[b]ecause that's what the statute requires me to do." Magistrate Knox did not testify to any concern at all about

defendant hurting herself or anyone else and he stated that she was polite and cooperative. He did not testify to any opinion regarding the behavior of defendant or any other person based upon a particular blood alcohol concentration alone.

The release order also contains no indication that defendant presented a danger to herself or others.[4] There is no evidence in the record to support the finding that Magistrate Knox was of the opinion that defendant "would possibly harm herself or someone else."

There was no evidence or finding of fact that Magistrate Knox determined "by clear and convincing evidence" that defendant was required to be held because "the impairment of the defendant's physical or mental faculties present[ed] a danger, if [she were] released, of physical injury to [herself] or others or damage to property." N.C. Gen. Stat. § 15A-534.2. There was also no evidence which would support a finding pursuant to N.C. Gen. Stat. § 15A-534(b), that defendant "w[ould] pose a danger of injury to any person" if she were released under conditions other than a secured bond. Therefore, Magistrate Knox substantially violated defendant's statutory right to pretrial release, and the trial court erred by its conclusion of law to the contrary.

## V. Prejudice

Since we have found that there was a substantial violation of defendant's statutory right to pretrial release, we must next consider whether the violation of defendant's statutory right caused irreparable prejudice to the preparation of her defense. "[P]rejudice will not be assumed to accompany a violation of defendant's statutory rights, but rather, defendant must make a showing that he was prejudiced in order to gain relief." *Knoll,* 322 N.C. at 545, 369 S.E.2d at 564. Defendant argues that she suffered irreparable prejudice to the preparation of her defense by the loss of the opportunity for her friends to observe her physical and mental condition at a crucial time at the PCDC because of her commitment to jail with improper release conditions.

---

4. We note that N.C. Gen. Stat. § 15A-534(b) provides that the magistrate *"must* record the reasons for [requiring a secured bond] in writing to the extent provided in the policies or requirements issued by the senior resident superior court judge pursuant to G.S. 15A-535(a)." N.C. Gen. Stat. § 15A-534(b) (emphasis added). The release order does not contain any indication of a reason that a secured bond was set. However, the record also contains no indication that there are any policies or requirements issued by the senior resident superior court judge in District 3-A which would require any such recordation of reasons.

**STATE v. LABINSKI**

[188 N.C. App. 120 (2008)]

However, the unchallenged findings of fact indicate that although defendant was not timely released from detention, she was not denied access to friends and family, such that she lost opportunity to "gather[] evidence in [her] behalf by having friends and family observe [her] and form opinions as to [her] condition following arrest . . . and to prepare a case in [her] own defense." *Knoll*, 322 N.C. at 547, 369 S.E.2d at 565; *see also State v. Gilbert*, 85 N.C. App. 594, 597, 355 S.E.2d 261, 263-64 (1987) (defendant not able to show prejudice when record did not contain evidence that he was denied access to family and friends); *Eliason*, 100 N.C. App. at 316-17, 395 S.E.2d at 704-05 (dismissal not warranted even though trial court failed to fully consider the conditions of N.C. Gen. Stat. § 15A-534(c) in setting the bond, because defendant was informed of his right to see family members and the record contained no evidence that anyone was denied access to him).

In the case *sub judice*, defendant was informed of her right to have a witness present for the intoxilyzer test but did not request a witness, even though four of her friends were in fact present at the PCDC at the proper time and could have witnessed the test. Defendant's four friends were present at the PCDC by the time defendant left the intoxilyzer room and they remained until her release. Defendant was able to see her friends and they could see her, but she did not ask to speak to them or that they be permitted to come to her. Defendant also had full access to a telephone and in fact made several phone calls from the PCDC.

We conclude that defendant has therefore failed to demonstrate any prejudice to the preparation of her defense from the violation of her statutory right to pretrial release. Accordingly, the order of the trial court denying defendant's motion to dismiss is affirmed.

AFFIRMED.

Judges ELMORE and STEELMAN concur.