TYSON, Judge.
 

 *72
 
 I.
 
 Background
 

 The facts underlying this case are set forth in our previous opinion,
 
 State v. Ledbetter
 
 ,
 
 243 N.C. App. 746
 
 ,
 
 779 S.E.2d 164
 
 (2015). The procedural history is contained in
 
 State v. Ledbetter
 
 , --- N.C. ----,
 
 814 S.E.2d 39
 
 (2018). Pursuant to the Supreme Court's instructions, we "exercise [our] discretion to determine whether [we] should grant or deny [D]efendant's petition for writ of certiorari."
 

 Id.
 

 at ----,
 
 814 S.E.2d at 43
 
 (2018).
 

 II.
 
 Writ of Certiorari
 

 "A writ of
 
 certiorari
 
 is an extraordinary remedial writ[.]"
 
 State v. Roux
 
 ,
 
 263 N.C. 149
 
 , 153,
 
 139 S.E.2d 189
 
 , 192 (1964) (citation omitted).
 

 *73
 
 "
 
 Certiorari
 
 is a discretionary writ, to be issued only for good and sufficient cause shown."
 
 State v. Grundler
 
 ,
 
 251 N.C. 177
 
 , 189,
 
 111 S.E.2d 1
 
 , 9 (1959) (citation omitted),
 
 cert. denied
 
 ,
 
 362 U.S. 917
 
 ,
 
 80 S.Ct. 670
 
 ,
 
 4 L.Ed.2d 738
 
 (1960).
 

 "The decision concerning whether to issue a writ of certiorari is discretionary, and thus, the Court of Appeals
 
 may
 
 choose to grant such a writ to review ... issues that are meritorious
 
 but not
 
 [for issues] for which a defendant has failed to show good or sufficient cause."
 
 State v. Ross
 
 ,
 
 369 N.C. 393
 
 , 400,
 
 794 S.E.2d 289
 
 , 293 (2016) (emphasis supplied and citation omitted).
 

 In deciding whether to grant Defendant's petition, Defendant's arguments must demonstrate "good and sufficient cause" to support this Court's exercise of its discretion to grant her petition and issue the writ of certiorari.
 

 Id.
 

 Defendant asserts the trial court prejudicially erred in denying her motion to dismiss, because the State violated
 
 N.C. Gen. Stat. § 20-38.4
 
 , N.C. Gen. Stat. § 15A-534, and
 
 State v. Knoll
 
 ,
 
 322 N.C. 535
 
 ,
 
 369 S.E.2d 558
 
 (1988), when the magistrate: (1) failed to provide Defendant a written copy of Form AOC-CR-271, advising of her right to have witnesses observe her demeanor in jail; and, (2) failed to enter sufficient findings of fact to show Defendant was a danger to herself and others to justify imposing a secured bond pursuant to N.C. Gen. Stat. § 15A-534.
 

 "Dismissal of charges for violations of statutory rights is a drastic remedy which should be granted sparingly. Before a motion to dismiss should be granted [...] it must appear that the statutory violation caused
 
 irreparable prejudice
 
 to the preparation of defendant's case."
 
 State v. Labinski
 
 ,
 
 188 N.C. App. 120
 
 , 124,
 
 654 S.E.2d 740
 
 , 742-43 (emphasis original) (citation and internal quotation marks omitted),
 
 review denied
 
 ,
 
 362 N.C. 367
 
 ,
 
 661 S.E.2d 889
 
 (2008).
 

 With regard to Defendant's first argument, the State concedes the magistrate did not comply with
 
 N.C. Gen. Stat. § 20-38.4
 
 to inform Defendant "in writing of the established procedure to have others appear at the jail to observe [her] condition" and failing to require her "to list all persons [she] wishes to contact and telephone numbers on a form that sets forth the procedure for contacting the persons listed."
 
 N.C. Gen. Stat. § 20-38.4
 
 (2017).
 

 The State argues Defendant cannot demonstrate "irreparable prejudice to the preparation of defendant's case" because the magistrate
 
 *593
 
 orally informed Defendant of her right to have witnesses present to observe her condition.
 
 Labinski
 
 ,
 
 188 N.C. App. at 124
 
 ,
 
 654 S.E.2d at 742-43
 
 . In its order denying Defendant's motion to dismiss, the trial court found:
 

 *74
 
 45. Magistrate Wyrick testified he did tell the defendant of her right to have individuals come to the detention center to observe her condition.
 

 ....
 

 47. Once placed in the Rowan County Detention Center, the defendant was allowed to make phone calls to her mother (several calls), to her brother (1 call), to Kenneth Paxton and a girlfriend Alisha.
 

 These findings of fact are supported by competent evidence in the record through the testimony of Magistrate Wyrick and Defendant's own testimony that she was able to, and did, in fact, make several phone calls from jail to friends and family. Defendant cannot demonstrate the statutory violation caused her to suffer any "irreparable prejudice to the preparation of defendant's case."
 

 Id.
 

 With regard to Defendant's second argument, she argues the magistrate violated N.C. Gen. Stat. § 15A-534, which requires a magistrate to record, "in writing," findings for imposing a secured bond upon a defendant, and to consider the factors listed under N.C. Gen. Stat. § 15A-534(c). N.C. Gen. Stat. 15A-534(a) - (c) (2017). Defendant contends the magistrate's failure to comply with these statutory obligations led to a deprivation of her right to gather evidence and witnesses on her behalf during a crucial time period following arrest.
 

 Magistrate Wyrick testified he took into consideration Defendant's condition in deciding whether to impose a secured bond and he initially entered his reasons on his computer for imposing a secured bond into the "FINDINGS" section of Form AOC-CR-270. However, Magistrate Wyrick testified he accidently deleted his reasons listed on Form AOC-CR-270 and they were replaced with the text and finding of "BLOOD TEST." Based upon the magistrate's testimony, the trial court found:
 

 38. Magistrate Wyrick noted by writing "Blood Test" on [AOC-CR-270] that he found by clear[,] cogent[,] and convincing evidence that the defendant's physical or mental faculties were impaired and that she was a danger to herself, others or property if released.
 

 39. Magistrate Wyrick ordered that the defendant be held until her physical and mental faculties were no longer impaired to the extent she presented a danger to herself, others or property
 
 or released to a sober responsible adult
 
 . (SE# 5) [Emphasis supplied]
 

 *75
 
 40. Magistrate Wyrick on the charges of No Operator's License, Simple Possession of Schedule II Controlled Substance and Simple Possession of Schedule IV Controlled Substance set a $1,000 secured bond for the defendant. (SE# 6)
 

 41. Magistrate Wyrick testified that he considered the factors set forth in 15A-534(c) in setting the defendant's bond, but he could not recall any specific facts upon which he relied in setting the secured bond.
 

 42. In addition, Magistrate Wyrick ordered the defendant be held until 7 am on 01/02/13
 
 unless released to a sober adult
 
 . (SE# 6) [Emphasis supplied]
 

 Based upon these findings of fact, which are supported by competent evidence, Defendant has failed to show she was denied access to witnesses, her right to have witnesses observe her condition, or her right to collect evidence. Defendant has not demonstrated "irreparable prejudice to the preparation of [her] case" by the magistrate's statutory violations and failures to provide her with a copy of Form AOC-CR-271 or to make additional factual findings to justify imposing a secured bond under N.C. Gen. Stat. § 15A-534.
 

 Defendant was informed of her right to have witnesses observe her, had the means and was provided the opportunity to contact potential witnesses. Additionally, the magistrate's detention order required Defendant to remain in custody for a twelve-hour period or until released into the custody of "a sober, responsible adult." Defendant was released
 
 *594
 
 into the custody of a sober acquaintance after spending only two hours and fifty-three minutes in jail, from 9:31 p.m. 1 January 2013 until 12:24 a.m. 2 January 2013.
 

 Defendant also argues she was
 
 per se
 
 prejudiced by the magistrate's statutory violations, pursuant to
 
 State v. Hill
 
 ,
 
 277 N.C. 547
 
 ,
 
 178 S.E.2d 462
 
 (1971). In
 
 Hill
 
 , the defendant was involved in a motor vehicle accident.
 
 Id
 
 . at 549,
 
 178 S.E.2d at 463
 
 . After coming upon the scene of the accident, a police officer arrested the defendant for drunken driving after observing factors tending to indicate the defendant was appreciably impaired.
 
 Id
 
 . After his arrest, the defendant was taken to jail and administered a breathalyzer test.
 
 Id
 
 .,
 
 178 S.E.2d at 464
 
 . Following the breathalyzer test, the evidence tended to show:
 

 (1) that defendant was not 'permitted' to telephone his attorney until after the breathalyzer testing and photographic
 
 *76
 
 procedures were completed and the warrant was served; (2) that he called Mr. Graham, his attorney and brother-in-law, who came to the jail; (3) that Mr. Graham's request to see his client and relative was peremptorily and categorically denied; and (4) that from the time defendant was arrested about 11:00 p.m. until he was released about 7:00 a.m. the following morning only law enforcement officers had seen or had access to him.
 

 Id
 
 . at 553,
 
 178 S.E.2d at 466
 
 . The evidence also tended to show the defendant was only permitted one phone call.
 
 Id
 
 . at 550,
 
 178 S.E.2d at 464
 
 . The Supreme Court of North Carolina held the denial of the defendant's statutory and constitutional right of access to his counsel was
 
 per se
 
 prejudicial and stated:
 

 Before we could say that defendant was not prejudiced by the refusal of the jailer to permit his attorney to see him we would have to assume both the infallibility and credibility of the State's witnesses as well as the certitude of their tests. Even if the assumption be true in this case, it will not always be so. However, the rule we now formulate will be uniformly applicable hereafter. It may well be that here 'the criminal is to go free because the constable blundered.' Notwithstanding, when an officer's blunder deprives a defendant of his only opportunity to obtain evidence which might prove his innocence, the State will not be heard to say that such evidence did not exist.
 

 Id
 
 . at 555,
 
 178 S.E.2d at 467
 
 (emphasis supplied).
 

 In contrast to the facts in
 
 Hill
 
 , no evidence in the record suggests the State took affirmative steps to deprive Defendant of any access to potential witnesses or an attorney, such as by preventing them from talking to Defendant or entering the jail to observe her.
 
 See
 

 id
 
 .
 

 Unlike the defendant in
 
 Hill
 
 , Defendant was told of her right to have observers present, was not limited to one phone call following her arrest, was allowed and did make numerous calls to multiple individuals and was released to a sober adult within less than three hours. Additionally, the Supreme Court later acknowledged in
 
 Knoll
 
 that the
 
 per se
 
 prejudice rule stated in
 
 Hill
 
 is no longer applicable.
 
 Knoll
 
 ,
 
 322 N.C. at 545
 
 ,
 
 369 S.E.2d at 564
 
 ("Because of the change in North Carolina's driving while intoxicated laws, denial of access is no longer inherently prejudicial to a defendant's ability to gather evidence in support of his innocence in every driving while impaired case." (citation omitted) ).
 

 *77
 
 Defendant's arguments fail to demonstrate "irreparable prejudice to the preparation of defendant's case."
 
 See
 

 Labinski
 
 ,
 
 188 N.C. App. at 124
 
 ,
 
 654 S.E.2d at 742-43
 
 . Defendant does not raise any "good and sufficient cause" to support this Court's exercise of our discretion to grant her petition and issue the extraordinary writ of certiorari.
 
 See
 

 Grundler
 
 ,
 
 251 N.C. at 189
 
 ,
 
 111 S.E.2d at
 
 9 ;
 
 Roux
 
 ,
 
 263 N.C. at 153
 
 ,
 
 139 S.E.2d at
 
 192 ;
 
 Ross
 
 ,
 
 369 N.C. at 400
 
 ,
 
 794 S.E.2d at 293
 
 .
 

 Defendant pled guilty to DWI in a plea bargain in exchange for the State's dismissal of two charges for possession of controlled substances for oxymorphone and Xanax, found upon her without a prescription when she was arrested for DWI. A defendant can plead guilty and reserve the right to challenge a motion to suppress pursuant to N.C. Gen. Stat. §§ 15A-979(b) (2017) and 15A-1444(e) (2017). Here, Defendant has never
 
 *595
 
 argued any evidence the State gathered in her case was obtained in violation of her constitutional or statutory rights and should be suppressed. Defendant attempts to appeal from an order denying her motion to dismiss entered prior to her guilty plea. This issue is not listed as one of the grounds for appeal of right set forth in N.C. Gen. Stat. § 15A-1444. Defendant has no statutory right to plead guilty, while preserving a right to appeal the denial of her motion to dismiss.
 
 See
 
 N.C. Gen. Stat. § 15A-1444.
 

 As this Court has previously stated,
 

 We are reluctant to issue a writ of certiorari permitting direct review of issues that otherwise would not be reviewable on direct appeal because of a guilty plea. Permitting review by certiorari in these circumstances 'could damage the integrity of the plea bargaining process' by undermining the finality that the State secures when a defendant pleads guilty.
 

 State v. Benton
 
 , --- N.C. App. ----,
 
 801 S.E.2d 396
 
 (2017). Allowing certiorari under these facts could also jeopardize the adequate state procedure exemption to federal post-conviction relief.
 
 See, e.g.
 
 ,
 
 Brown v. Lee
 
 ,
 
 319 F.3d 162
 
 , 169 (4th Cir. 2003).
 

 Defendant received the benefit of her plea bargain when the State agreed to dismiss the two charges for possession of controlled substances. Defendant pled guilty to DWI prior to the State Bureau of Investigation conducting a chemical analysis of her properly taken blood sample. Defendant stipulated "there's a factual basis for purposes of the DWI charge[,]" pursuant to her guilty plea. Defendant has not demonstrated any "good and sufficient cause" to justify exercising our discretion to grant her petition and issue a writ of certiorari to allow her
 
 *78
 
 to challenge purported statutory violations surrounding a conviction to which she voluntarily pled guilty.
 

 In addition to our analysis above, Defendant's petition also fails to assert any of the grounds for allowing her petition and issuing a writ of certiorari contained in Appellate Rule 21 for us to exercise our discretion to grant Defendant's petition under that Rule.
 
 See
 

 Ledbetter
 
 , --- N.C. at ----,
 
 814 S.E.2d at
 
 43 ; N.C. R. App. P. 21(a)(1). Defendant failed to demonstrate any grounds for this Court to invoke Appellate Rule 2.
 
 See
 

 id
 
 ;
 
 see also
 
 N.C. R. App. P. 2.
 

 III.
 
 Conclusion
 

 Defendant has failed to demonstrate any "irreparable prejudice to the preparation of defendant's case," "good and sufficient cause" or any other grounds for purported statutory violations to support granting her petition for a writ of certiorari under the statute or our appellate rules. In the exercise of our discretion, Defendant's petition for writ of certiorari is denied. Defendant's purported appeal is dismissed.
 
 It is so ordered.
 

 PETITION DENIED AND APPEAL DISMISSED.
 

 Judge DIETZ concurs.
 

 Judge ARROWOOD concurs in the result.