An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-734

Filed 20 August 2025

Watauga County, No. 24CR227440-940

STATE OF NORTH CAROLINA

       v.

KENNETH WAYNE BROWN

Appeal by Defendant from Judgment entered 13 February 2024 by Judge Theodore W. McEntire in Watauga County District Court. Heard in the Court of Appeals 16 January 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Hillary F. Patterson, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for Defendant-Appellant.*

HAMPSON, Judge.

Kenneth Wayne Brown (Defendant) appeals from a judgment following guilty plea finding him guilty of Possession of a Controlled Substance on Jail Premises. Defendant requests this Court exercise its discretion in granting his Petition for Writ of Certiorari (PWC) and perform an *Anders* review of the Record.

On 6 February 2024, Defendant was arrested and taken to jail. He was searched, and officers found a bag of methamphetamine in his pocket.

On 13 February 2024, Defendant pled guilty to Possession of a Controlled Substance on Jail Premises. Defendant admitted he was on probation at the time of the offense. The trial court sentenced Defendant to a mitigated term of 6 to 17 months imprisonment, suspended for probation. Defendant did not give oral notice of appeal, but on that same day he did *pro se* file written notice of appeal. The notice of appeal did not identify the judgment being appealed or designate the court to which the appeal was taken, and it was not served on the State.

Defendant filed an *Anders* brief requesting this Court conduct its own review of the record for possible prejudicial error. The State moved to dismiss the appeal based on the defective notice. Defendant in his briefing and response to the Motion to Dismiss Appeal does not contend the notice was sufficient, but filed a Petition for Writ of Certiorari requesting review.

We have previously held "[a] failure on the part of the appealing party to comply with Rule 4 deprives this Court of jurisdiction to consider his or her appeal." *State v. Hughes*, 210 N.C. App. 482, 485, 707 S.E.2d 777, 778-79 (2011). Such a jurisdictional default "precludes the appellate court from acting in any manner other than to dismiss the appeal." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.,* 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008).

However, Defendant requests we issue certiorari pursuant to Rule 21(a)(1) of

our Rules of Appellate Procedure. Under this rule, certiorari may be issued "in appropriate circumstances" "when the right to prosecute an appeal has been lost by failure to take timely action." N.C. R. App. P. 21(a)(1) (2023). Certiorari is a remedial writ, to be issued in our discretion only upon "good and sufficient cause shown." *State v. Ledbetter*, 261 N.C. App. 71, 72-73, 819 S.E.2d 591, 592 (2018); *see also In re Snelgrove*, 208 N.C. 670, 182 S.E. 335, 336 (1935) ("Certiorari is a discretionary writ, to be issued only for good or sufficient cause shown, and the party seeking it is required . . . to show merit or that he has reasonable grounds for asking that the case be brought up and reviewed on appeal.").

Defendant's counsel represented they were unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal and requests we conduct a full examination of the record on appeal for possible prejudicial error pursuant to *Anders.* An attorney for an indigent criminal defendant who, after a conscientious examination of the record, believes an appeal of their client's conviction would be "wholly frivolous," may so advise the appellate court in a brief "referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744, 18 L.Ed.2d 493 (1967); *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). "Counsel must furnish the defendant with a copy of the brief, the transcript, and the record and inform the defendant of his or her right to raise any points he or she desires and of any time constraints related to such right." *State v. Dobson*, 337 N.C. 464, 467, 446 S.E.2d 14, 16 (1994) (citing *Anders*, 386 U.S. at 744). We conclude

counsel for Defendant complied with the requirements of *Anders* and *Kinch* by advising Defendant of his right to submit written arguments to this Court and by giving Defendant copies of the documents necessary to do so.

Defendant did not submit written arguments to this court. Defendant's counsel in the *Anders* brief directs our review to Defendant's prior record level calculation and the sentence imposed by the trial court.

The sentencing worksheet prepared by the State indicated Defendant had one prior Class H or I Felony conviction, three Class A1 or 1 Misdemeanor convictions, and that the offense was committed while on probation, for a total of six sentencing points. Defendant, through counsel, stipulated to the prior convictions and that he was on probation. The trial court determined Defendant to be level III for felony sentencing purposes. These calculations are correct under N.C. Gen. Stat. § 15A-1340.14 (2023).

The trial court sentenced Defendant to a mitigated term of 6 to 17 months imprisonment, suspended for 24 months of probation. Defendant was convicted of Possession of a Controlled Substance on Jail Premises, a Class H felony. N.C. Gen. Stat. § 90-95(e)(9). Defendant's sentence was within the mitigated range for a Class H felony committed with a prior record level of III, and was therefore authorized by statute. N.C. Gen. Stat. § 15A-1340.17(c).

Thus, the trial court did not err in calculating Defendant's prior record level or in sentencing Defendant. Therefore, Defendant has not shown error was probably

committed by the trial court or other grounds for allowing review by certiorari. Consequently, we deny the PWC.

Accordingly, for the reasons stated above, we deny Defendant's PWC and allow the State's Motion to Dismiss the Appeal.

DISMISSED.

Judges GORE concurs.

Judge FREEMAN concurs in result only.

Report per Rule 30(e).