An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-510

Filed 1 October 2025

Nash County, Nos. 12CRS053727-630, 12CRS053728-630

STATE OF NORTH CAROLINA

v.

KEEANDUS BARNES

Appeal by Defendant from Order entered 28 December 2024 by Judge Timothy W. Wilson in Nash County Superior Court. Heard in the Court of Appeals 22 September 2025.

*Attorney General Jeff Jackson, by Special Deputy Attorney General G. Mark Teague, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R. Grant, for Defendant-Appellant.*

PER CURIAM.

Keeandus Rashad Barnes (Defendant) appeals from an Order denying his Motion for Post-Conviction DNA Testing. Defendant's appellate counsel filed an *Anders* brief requesting this Court conduct its own review of the Record for possible prejudicial error.

On 3 December 2012, Defendant was indicted for Discharging a Weapon into

Occupied Property, Discharging a Firearm Within City Limits, Intimidating a Witness, and four counts of Attempted First-Degree Murder. The case came on for trial on 10 February 2014. Prior to trial, the State dismissed the charge of Discharging a Firearm Within City Limits. The jury convicted Defendant of all other charges.

On 3 December 2024, Defendant filed a Motion for Post-Conviction DNA Testing. On 28 December 2024, the trial court denied the Motion. Defendant appealed. The trial court appointed appellate counsel for Defendant on 6 February 2025.

Defendant's appellate counsel represented he is unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal and requests we conduct a full examination of the Record for possible prejudicial error pursuant to *Anders* and *State v. Kinch*.[1] An attorney for an indigent criminal defendant who, after a conscientious examination of the record, believes an appeal of their client's conviction would be "wholly frivolous," may so advise the appellate court in a brief "referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). "Counsel must furnish the defendant with a copy of the brief, the

---

[1] *See State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985); *see also State v. Velasquez-Cardenas*, 259 N.C. App. 211, 225, 815 S.E.2d 9, 18 (2018) (holding *Anders* procedures apply to appeals taken pursuant to N.C. Gen. Stat. § 15A-270.1, which governs the right to appeal from an order denying a criminal defendant's motion for DNA testing).

transcript, and the record and inform the defendant of his or her right to raise any points he or she desires and of any time constraints related to such right." *State v. Dobson*, 337 N.C. 464, 467, 446 S.E.2d 14, 16 (1994) (citing *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400). We conclude counsel for Defendant complied with the requirements of *Anders* and *Kinch* by advising Defendant of his right to submit written arguments to the Court and by giving Defendant copies of the documents necessary to do so.

Defendant did not submit written arguments to this Court and a reasonable time for him to do so has passed. Defendant's appellate counsel directs our review to the trial court's denial of Defendant's Motion for Post-Conviction DNA Testing and denial of Defendant's request for appointment of counsel.

Defendant's Motion for Post-Conviction DNA Testing failed to comply with N.C. Gen. Stat. § 15A-269(a), which requires the moving party to show the requested biological evidence:

> (1) Is material to the defendant's defense.
>
> (2) Is related to the investigation or prosecution that resulted in the judgment.
>
> (3) Meets either of the following conditions:
>      a. It was not DNA tested previously.
>      b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.

N.C. Gen. Stat. § 15A-269(a) (2023).  Evidence is material if there is "a *reasonable probability* that, had the evidence been disclosed to the defense, the result of the proceeding may have been different, in the context of the entire record and hinging upon whether the evidence may have affected the jury's deliberations, as to petitioner's claim of wrongful conviction."  *State v. Byers*, 375 N.C. 386, 397, 847 S.E.2d 735, 743 (2020) (emphasis in original).

Defendant has not shown the material he requests meets any of the factors in Section 15A-269(a), outside of bare allegations the evidence is "relevant to manifest his innocence" and was not tested previously.  Defendant did not identify how the evidence is related to the investigation or prosecution that resulted in the Judgment.  Moreover, Defendant did not identify what DNA he sought to be tested.

Defendant also requested appointment of counsel in his Motion.  Under N.C. Gen. Stat. § 15A-269,

> the court shall appoint counsel for the person who brings a motion under this section if that person is indigent.  If the petitioner has filed pro se, the court shall appoint counsel for the petitioner in accordance with rules adopted by the Office of Indigent Defense Services upon a showing that the DNA testing may be material to the petitioner's claim of wrongful conviction.

N.C. Gen. Stat. § 15A-269(c) (2023).

Defendant raised no allegations the evidence he seeks is or may be material to his defense.  Because Defendant has not shown the evidence he seeks may be material to his claim of wrongful conviction, the trial court was not required to appoint counsel

for Defendant. *See id.* Thus, the trial court did not err in denying Defendant's Motion or by doing so without appointing counsel.

We have reviewed the Record pursuant to *Anders* and *Kinch* and conclude the trial court did not commit reversible error in denying Defendant's Motion. Accordingly, for the foregoing reasons, we affirm the trial court's Order.

AFFIRMED.

Panel consisting of Judges STROUD, TYSON, and HAMPSON.

Report per Rule 30(e).